UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES PHILLIPS, *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-821 |
| WIPRO, LTD., | § § | |
| Defendant. | | |

## ORDER

Before the Court are Plaintiffs' Motion for Leave to File First Amended Complaint (the "Motion") (Doc. #117), Defendant's Response (Doc. #119), and Plaintiffs' Reply (Doc. #123). Having reviewed the parties' briefed arguments, oral arguments asserted at the February 14, 2020 hearing, and applicable legal authority, the Court grants in part and denies in part the Motion.

On December 1, 2017, Plaintiffs James Phillips and Robert Saemian (the "Named Plaintiffs") initiated this action, asserting one claim under the Civil Rights Act of 1866 for disparate treatment on the basis of race and two claims under Title VII of the Civil Rights Act of 1964 for disparate treatment and disparate impact on the basis of race and national origin. Doc. #1 at 15–17. Almost two years later, the Named Plaintiffs now seek leave to amend their Complaint for the first time pursuant to Federal Rule of Civil Procedure 15(a)(2). Under Federal Rule 15(a)(2), courts "should freely give leave when justice so requires." Specifically, courts must "examine[] five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous

amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

In their Motion, the Named Plaintiffs seek leave to add a "terminations claim for Mr. Phillips" to their Complaint and to supplement their Complaint with "additional factual detail" in support of their pattern or practice and disparate impact claims. Doc. #117 at 1. Defendant is unopposed to those requests. Doc. #119 at 1. However, Defendant does contest the Named Plaintiffs' request for leave to add four named plaintiffs (the "Proposed Plaintiffs") to this action. *Id.*

Filed in the Northern District of California in 2017, this case was transferred to this Court in March 2018. Doc. #25. Thereafter, prior to the filing of the Motion, this Court held lengthy hearings on the following dates: March 1, 2019; April 12, 2019; August 16, 2019; October 4, 2019; and November 8, 2019. Those hearings covered various topics, including the proposed definitions of potential classes, geographic scope of discovery, and compliance with the Court's orders pertaining to discovery requests and responses. Importantly, the purpose of the hearings was to focus the litigation of this case by streamlining the discovery process. And it is clear from the hearings that the parties have engaged in extensive discovery and that Defendant has expended significant resources to protect its legal position and comply with its Court-ordered discovery obligations. Therefore, the Court takes issue with the Named Plaintiffs' characterization that "discovery is in its early stages." Doc. #117 at 6.

Unquestionably, the addition of the four new Proposed Plaintiffs would substantially expand the scope of discovery and undo the efforts by the Court to progress this action. Moreover, expanding discovery so late in the litigation of this case would unduly prejudice Defendant, when ultimately the claims of the Proposed Plaintiffs would be included in any class that the Named

Plaintiffs seek to certify. *See* Doc. #117 at 3 ("Each [Proposed Plaintiff] was the victim of the same discriminatory practices as those challenged by [the Named Plaintiffs]."); Doc. #1 at 1 (The Named Plaintiffs "bring this action on behalf of themselves and a class of similarly situated individuals to remedy pervasive, ongoing race and national origin discrimination by Defendant . . . ."). Accordingly, it is not in the interest of justice under Federal Rule of Civil Procedure 15(a)(2) to permit the Named Plaintiffs to add the Proposed Plaintiffs to this action.

For the foregoing reasons, the Motion is hereby granted in part and denied in part. As to granting leave to add a "terminations claim for Mr. Phillips" to the Complaint and to supplement the Complaint with "additional factual detail" in support of the Named Plaintiffs' pattern or practice and disparate impact claims, the Motion is hereby GRANTED. As to granting leave to add the Proposed Plaintiffs, the Motion is hereby DENIED.[1]

It is so ORDERED.

MAR 0 3 2020
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[1] As a result of the permitted amendments, Defendant's Motion for Judgment on the Pleadings (Doc. #58) is hereby DENIED AS MOOT.

3