IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES PHILLIPS, and ROBERT SAEMIAN, §§§§ Plaintiffs § v. § WIPRO LIMITED, §§§§ Defendant. | CIVIL ACTION NO. 4:18-CV-00821 |

### DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO STRIKE THE REPORT AND EXPERT DESIGNATION OF DR. RONIL HIRA

Wipro Limited (Wipro) files this reply in support of its Motion to Strike the Report and Expert Designation of Dr. Ronil Hira. *Dkt. 228*.

## I. BACKGROUND

James Phillips and Robert Saemian allege claims of race and national origin discrimination under the Civil Rights Act of 1866, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Plaintiffs moved for class certification seeking to represent a class of non-South Asians/Indians allegedly denied promotions and terminated because of their race and national origin. *Dkt. 173*. After Wipro responded to that motion, Plaintiffs filed a reply in which they submitted a report from previously undesignated expert, Ronil Hira. *Dkt. 224 and Ex. 65*. Wipro moved to strike that expert report and designation. *Dkt. 228*. This reply addresses the opposition to Wipro's Motion to Strike. *Dkt 240*. Plaintiffs fail to demonstrate that Wipro's motion should be denied.

## II. RESPONSE TO PLAINTIFFS' ARGUMENT

A. <u>Plaintiffs fail to demonstrate that they timely designated Dr. Hira or were justified in designating him over two months after the expert witness designation deadline.</u>

Wipro first moved to strike Dr. Hira's report and testimony because Plaintiffs' failed to designate him by the August 17, 2021 deadline. *Mot. at 2-5*. Plaintiffs do not deny that they missed

this deadline but claim that they were justified in first designating and submitting Dr. Hira's report on October 26 because Dr. Hira's report was merely a rebuttal to Wipro's expert reports permitted by this Court's scheduling order. Dr. Hira's basic conclusion is that Wipro's business model, like other Indian Information Technology (IT) companies not involved in this lawsuit, is inherently discriminatory. *See e.g. Opp. at 8.* But at least six times in the Opposition, Plaintiffs state that Wipro's experts do not discuss or address Wipro's business model. *Opp. at 5 (2x), 7, 8, 11, and 12.* Dr. Hira's report cannot be a rebuttal to Wipro's experts' reports when Plaintiffs repeatedly assert the report is on topic not addressed by Wipro's experts.

Instead, Dr. Hira's report is on a new topic – the allegedly inherently discriminatory nature of Wipro's business model. Rule 26(a)(2)(B) requires full disclosure of all opinions and the basis for those opinions by the expert witness designation deadline, and such disclosures are mandatory to prevent unfair surprise and to promote efficient resolution of disputes. *Beller v. United States,* 221 F.R.D. 689, 693 (D.N.M. 2003). Gradually developing opinions constitute unfair surprise that Rule 26 was designed to prevent. *Davidson v. Georgia Pacific, LLC,* 2014 WL 36621, slip. op. at 4 (W.D. La. 2014). All the evidence utilized by Dr. Hira in his report was available to Plaintiffs' on the originally scheduled expert witness designation date. Plaintiffs have offered no justifiable reason for submitting Dr. Hira's report with their class certification reply.

Rule 37(c)(1) requires the exclusion of expert testimony and reports unless the timely failure to disclose the information is substantially justified and the failure is harmless. *Conn v. C.R. Bard, Inc.,* 2021 WL 2328389 (S.D. Tex. 2021). Plaintiffs claim that Wipro is not prejudiced by the submission of Dr. Hira's report because Wipro will have an opportunity to depose Dr. Hira prior to trial. *Opp. at 7.* The issue before this Court is a Motion for Class Certification and the Court scheduling order contemplated both parties being able to depose the other side's experts prior to submitting reports and rebuttal reports on that issue. Wipro does not have that opportunity

related to Dr. Hira by his first appearance with a rebuttal report. Thus, Wipro is prejudiced by Plaintiffs' designation.[1] Furthermore, having the right to depose Dr. Hira before trial does not cure the problem. Other courts have ruled that allowing a deposition or other discovery of an improperly designated expert frustrates the purpose of Rule 26(a) which are "elimination of unfair surprise to the opposing party and the conservation of resources." *Beller v. United States,* 221 F.R.D. at 694, *citing Sylla-Snowden v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277 (8th Cir. 1995) and *Aircraft Gear Corp. v. Kaman Aerospace Corp.,* 1995 WL 571431, slip op. at 1 (N.D. Ill, September 25, 1995). As a result, Plaintiffs have failed to demonstrate substantial justification and a lack of harm necessary to avoid an order striking their expert under Rule 37(c)(1).

B.  <u>Plaintiffs' fail to demonstrate that Dr. Hira's report is reliable</u>.

Dr. Hira's report should also be stricken because it fails to meet the standards for reliability under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 1117 (1994). Wipro moved to strike Dr. Hira's report because he drew numerous conclusions not based on the evidence presented in this case, including that all Indian IT companies including Wipro have a discriminatory business model, Wipro applies for visas for jobs that do not exist, Wipro underpays its workers, Wipro uses visas for training its workers, and that Wipro suspended its affirmative action program. Wipro also pointed out that the Plaintiffs moved to certify a class of employees denied promotions and terminated, which is not supported by Dr. Hira's opinion that Wipro inappropriately placed Indian workers in the United States. *See Motion at 5-9.*

In response, Plaintiffs first cite to the evidence relied upon by Dr. Hira without stating how that evidence supports the conclusions that Dr. Hira makes. This cannot be the basis for a reliable

---

[1] Plaintiffs claim that they are prejudiced by Wipro's designation of Dr. Ganguly and submission of his report related to India's socio-cultural diversity. *Opp. at 7.* Plaintiffs certainly had the right and the opportunity under the scheduling order to depose Dr. Ganguly and might have an argument that they could designate an expert on the same subject. Plaintiffs, however, did not depose Dr. Ganguly and submitted an expert and report on a different topic.

report. *Opp. at 8-9.* Plaintiffs next cite to evidence referenced in their Motion for Class Certification and used by Dr. Hira to support his conclusions that they claim shows Wipro preferred Indian South Asians in promotions and terminations and committed visa fraud. *Opp. at 9.* Wipro has challenged Plaintiffs' evidence submitted with their class certification motion of statistical averages for individuals without controlling for variables as an inadequate basis for a conclusion of unlawful discrimination. *Def. Opp. to Motion for Class Certification at 11-12; 23 (Dkt. 199); Motion to Strike Report and Testimony of Dr. Neumark at 6-11 (Dkt. 184).* That unreliable evidence cannot be the basis for a reliable conclusion by Dr. Hira. Furthermore, despite the number of visas and Wipro's interest in filling as many jobs as possible with qualified visa or other workers, the only evidence before this court is that Wipro identified an open position for every visa application. *Motion at 6-7 citing to Dariya Testimony.* Dr. Hira's allegation of visa fraud based on no evidence and directly contrary to deposition testimony on the issue justifies striking his report on that basis alone.

Similarly, Plaintiffs assert that Wipro maximizes profits by hiring visa holders instead of U.S. workers because the company can send the visa holders back to India and pay them less. *Opp. at 10.* This allegation has nothing to do with this case. Wipro is required to pay its U.S. visa holders the prevailing wage and there is no evidence that Wipro ever failed to do this. In addition, Dr. Hira's assertion that Wipro seeks to develop worker skills through the visa process is not relevant to the class certification issue. *Opp. at 10-11.* If that is Wipro's intent in making promotions and termination decisions, that is not unlawful race or national origin discrimination.

Plaintiffs challenge Wipro's statement that it suspended its affirmative action (AA) program when it decided not to seek government contracts. *Opp. at 11-12.* Regardless of the reason that Wipro suspended its AA program, Wipro was not obligated to comply with goals and timetables in affirmative action plans, and suspension of the AA program does not support any

allegation of unlawful discrimination. Plaintiffs' reference that suspending the program impacted "all races encompassed" within the plan inherently means that Wipro did not discriminate against any group. It treated them all the same. This allegation cannot be the basis for a discriminatory business model claimed by Dr. Hira. Finally, Plaintiffs do not deny Wipro's assertion that Dr. Hira could not directly challenge Dr. Bronars because of their different expertise, but merely refer back to the fact that Dr. Bronars did not consider Wipro's business model thus "nullifying his opinions." *Opp. at 12-13.* This is a clear statement that Dr. Hira's report cannot be considered a rebuttal report but is new and untimely submitted evidence. Accordingly, Plaintiffs fail to demonstrate that Dr. Hira's report is timely, reliable, or relevant.

### III.   CONCLUSION

For the reasons set forth in its motion to strike and this reply, Wipro respectfully requests that the Court strike Dr. Hira's report and exclude him from serving as an expert in this matter.

Dated:  November 30, 2021

Of Counsel:
J. Bradley Spalding
Texas Bar No. 00786253
Federal I.D. No. 21169
bspalding@littler.com
Nehal S. Anand
Texas Bar No. 24070600
Federal I.D. No. 1061200
nanand@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 951-9400
Facsimile: (713) 951-9212

Respectfully submitted,

By: */s/ Kerry E Notestine*
   Kerry E Notestine
   (Attorney-in-Charge)
   Texas Bar No. 15116950
   Federal I.D. No. 2423
   knotestine@littler.com
   LITTLER MENDELSON, P.C.
   1301 McKinney Street, Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400
   Facsimile: (713) 951-9212

ATTORNEYS FOR DEFENDANT
WIPRO LIMITED

### CERTIFICATE OF SERVICE

I certify that on November 30, 2021, I filed the foregoing document using the Court's CM/ECF system, which automatically sent notice to the counsel of record.

*/s/ Kerry Notestine*
Kerry E Notestine